IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MACK MATTHEWS )
 )
 v. ) NO: 1:16-0108
 )
CORE CIVIC, et al. )

TO: Honorable Waverly D. Crenshaw, Jr., District Judge

# REPORT AND RECOMMENDATION

By Order entered December 20, 2016 (Docket Entry No. 3), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Mack Matthews ("Plaintiff") is an inmate confined at the South Central Correctional Center ("SCCC") in Clifton, Tennessee. He sues five Defendants under 42 U.S.C. § 1983 alleging that his constitutional rights are being violated at the SCCC. Specifically, he alleges that he has been denied constitutionally adequate medical care.[1] Process has only recently been issued to Defendants.

Presently pending is Plaintiff's motion for a restraining order and preliminary injunction. *See* Docket Entry No. 6. In a one page motion, he asserts that he has suffered "discriminatory behavior

---

[1] Although Plaintiff made other allegations in his complaint, his claims based upon these allegations were dismissed upon initial review under 28 U.S.C. § 1915(e)(2). *See* Docket Entry No. 3 at 2-3.

by staff" after filing his compliant and seeks an order prohibiting any punishment against him and directing that he be moved. *Id*.

Temporary restraining orders and preliminary injunctions are considered preventive, prohibitory, or protective measures taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and are considered extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" a preliminary injunction. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Plaintiff has not met this burden, and his motion should be denied. Initially, he has not supported his motion with any type of affirmative evidence. Further, he has not shown that any factors weigh in favor of his request for preliminary injunctive relief. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 441, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Leary v. Daeschner*, 228 F.3d. 729, 736 (6th Cir. 2000); *Six Clinics Holding Corp., II v. CAFCOMP Systems*, 119 F.3d 393, 401 (6th Cir. 1997) *Parker v. U.S. Dep't of Agric.* 879 F.2d. 1362, 1367 (6th Cir. 1989); *Mason Cnty Med. Assocs. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). At this stage of the proceedings, Plaintiff's likelihood of success on his claims is no greater than that of Defendants. Plaintiff has also not shown that he will suffer irreparable harm if the injunctive relief he requests is not granted and has not shown that a public interest would be advanced by the requested relief. *See National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Absent extraordinary and urgently

compelling reasons, the Court will not intervene in matters such as the day-to-day operations in a correctional facility. Such reasons have not been shown by Plaintiff.

## RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that Plaintiff's motion for a temporary restraining order and preliminary injunction (Docket Entry No. 6) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                              Respectfully submitted,

                              BARBARA D. HOLMES
                              United States Magistrate Judge