IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MACK MATTHEWS            )
                         )
    v.                   )   NO: 1:16-0108
                         )
CORE CIVIC, et al.       )

TO: Honorable Waverly D. Crenshaw, Jr., District Judge

# REPORT AND RECOMMENDATION

By Order entered December 20, 2016 (Docket Entry No. 3), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Mack Matthews ("Plaintiff") is an inmate confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. He sues five Defendants under 42 U.S.C. § 1983 alleging that his constitutional rights are being violated at the SCCF. Specifically, he alleges that he has been denied constitutionally adequate medical care.[1] Two of the five Defendants have filed an answer and three of the Defendants have filed a motion to dismiss that is currently pending.

Presently pending are Plaintiff's motions for orders requiring that he be transferred from the SCCF. *See* Docket Entry Nos. 26 and 27. He contends that a conflict of interest exists because he is confined under the supervision of prison officials at the SCCF whom he has sued in this action. He also contends that Defendants have retaliated against him by continuing to hold him in protective

---

[1] Although Plaintiff made other allegations in his complaint, his claims based upon these allegations were dismissed upon initial review under 28 U.S.C. § 1915(e)(2). *See* Docket Entry No. 3 at 2-3.

confinement in poor conditions, limiting his access to prison programs and legal assistance. He supports his motions with his own affidavits. *See* Docket Entry Nos. 28 and 29.[2]

The relief Plaintiff requests is in the nature of a mandatory injunction– that is, the relief "would alter, rather than preserve, the status quo by commanding some positive act." *Glauser-Nagy v. Medical Mut. of Ohio*, 987 F.Supp.1002, 1010 (N.D. Ohio 1997) (citations omitted). Temporary restraining orders and preliminary injunctions are considered preventive, prohibitory, or protective measures taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and are considered extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" a preliminary injunction. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Plaintiff has not met this burden, and his motions should be denied. Plaintiff has not shown that any factors weigh in favor of his requests to be transferred. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 441, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Leary v. Daeschner*, 228 F.3d. 729, 736 (6th Cir. 2000); *Six Clinics Holding Corp., II v. CAFCOMP Systems*, 119 F.3d 393, 401 (6th Cir. 1997) *Parker v. U.S. Dep't of Agric.* 879 F.2d. 1362, 1367 (6th Cir. 1989); *Mason Cnty Med. Assocs. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). At this stage of the proceedings, Plaintiff's likelihood of success on his claims is no greater than that of Defendants. Plaintiff has also not shown that he will suffer irreparable

---

[2] Plaintiff previously filed a similar motion for preliminary injunctive relief that was denied by Order entered March 13, 2017 (Docket Entry No. 31).

harm if the injunctive relief he requests is not granted and has not shown that a public interest would be advanced by the requested relief. *See National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations of a correctional facility and the location of a prison inmate's housing. No such reasons have been shown by Plaintiff.

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that Plaintiff's motions to be transferred (Docket Entry Nos. 26 and 27) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge