IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MACK MATTHEWS )
)
v. ) NO: 1:16-0108
)
CORECIVIC, et al. )

TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered December 20, 2016 (Docket Entry No. 3), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion to dismiss filed by Rhonda Staggs, Rhonda Riley, and Cherry Lindamood (Docket Entry No. 19), to which no response in opposition has been filed. For the reasons set forth below, the undersigned Magistrate Judge respectfully recommends that the motion be granted.

## I. BACKGROUND

Mack Matthews ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Hardeman County Correctional Facility. He filed this lawsuit *pro se* and *in forma pauperis* on December 12, 2016, seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred during his prior confinement at the

South Central Correctional Facility ("SCCF") in Clifton, Tennessee. Upon the Court's initial review of the lawsuit under 28 U.S.C. §§ 1915(e)(2) and 1915A, Plaintiff was found to have alleged an arguable Eighth Amendment claim based upon allegations that he was denied constitutionally adequate medical care. All other claims alleged by Plaintiff, including claims for the unlawful deprivation of property, were dismissed for failure to state a colorable claim for relief under Section 1983. *See* Docket Entry No. 3 at 2-3.[1]

An answer was filed on behalf of Defendant CoreCivic (formerly doing business as Corrections Corporation of America). *See* Docket Entry No. 18. In lieu of an answer, Defendants Rhonda Staggs, Rhonda Riley, and Cherry Lindamood (hereinafter referred to collectively as the "Individual Defendants") have filed the pending motion to dismiss. The Individual Defendants argue that they should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, they contend that the only factual allegation made against them in the Complaint pertain to the wrongful deprivation of property claims that were dismissed upon initial review and that there are no factual allegations made against them that support their individual liability with respect to Plaintiff's inadequate medical care claim. *See* Memorandum in Support (Docket Entry No. 20) at 3. They further argue against the viability of either a Fourteenth Amendment deprivation of property claim or a state law claim brought pursuant to discretionary supplemental jurisdiction under 28 U.S.C. § 1367. *Id*. at 4-6.

---

[1] By Order entered March 16, 2017 (Docket Entry No. 34), the Court denied Plaintiff's "motion to add joinder" to the extent that he sought to reassert a claim that was dismissed upon initial review. Although Plaintiff filed a "response" to the Order, *see* Docket Entry No. 36, he did not file a motion for review of the Order, despite an explanation of the procedure for filing a motion for review being included in the Order itself.

2

By Order entered March 14, 2017 (Docket Entry No. 32), the Court notified Plaintiff of the motion to dismiss and gave him a deadline of April 21, 2017, to file a response. To date, Plaintiff has not filed a response to the motion.[2]

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to the plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Although a complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. In review of the sufficiency of the complaint, the Court need not accept as true legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

---

[2]Although Plaintiff recently notified the Court of a change in his mailing address (*see* Docket Entry No. 38), as of March 14, 2017, when Plaintiff was directed by an Order entered on that date of the deadline for responding to the motion to dismiss (*see* Docket Entry No. 32), his address had not changed. At the time his complaint was filed, Plaintiff's address was the South Central Correctional Complex in Clifton, Tennessee (see Docket Entry No. 1-1, which remained his address at least as of March 29, 2017. *See* Response notarized on March 29, and mailed from SCCC, Docket Entry No. 36 at pp. 3-4.

## III. CONCLUSIONS

The motion to dismiss should be granted. A defendant cannot be held individually liable under Section 1983 for constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. *Miller v. Calhoun County*, 408 F.3d 803, 817, n.3 (6th Cir. 2005); *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). Although the Complaint contains specific factual allegations against the Individual Defendants pertaining to the dismissed wrongful deprivation of property claims, *see* Docket Entry No. 1 at 4-5, the Complaint's fairly brief factual allegations concerning Plaintiff's medical care are devoid of any allegations of involvement by the Individual Defendants in his medical care. *Id*. at 10. There are simply no allegations made by Plaintiff supporting a claim that these three Defendants violated his Eighth Amendment right to adequate medical care. Additionally *respondeat superior* is not a basis for liability under Section 1983, *see Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 375-77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), and the Individual Defendants cannot be held personally liable under Section 1983 merely because they hold supervisory positions at the SCCF. *See Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); *Hays v. Jefferson Cnty.*, 668 F.2d 869, 872 (6th Cir. 1982).

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 19) filed by Defendants Rhonda Staggs, Rhonda Riley, and Cherry Lindamood be GRANTED and that these Defendants be DISMISSED from the lawsuit.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                    Respectfully submitted,

                                                    BARBARA D. HOLMES
                                                    United States Magistrate Judge