UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **MACK MATTHEWS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-00108 |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **CORECIVIC,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Pending before the Court are two Reports and Recommendations ("R&R") from Magistrate Judge Holmes. In the first, (Doc. No. 33), she recommends that Plaintiff Mack Matthews' "Motions for Transfer From Defendants' Custody" (Doc. Nos. 26 & 27) be denied. In the second, (Doc. No. 39), she recommends that the unopposed Motion to Dismiss (Doc. No. 19) filed by Defendants Rhonda Staggs, Rhonda Riley, and Cherry Lindamood be granted. Objections have only been filed with regard to the first R&R.

In objecting to the recommended denial of his Motions for Transfer, Matthews claims that he has been in protective custody at the South Central Correctional Center for six months[1] and that he is losing "program credit which shorten [his] expiration date" for parole. (Doc. No. 37 at 2). He also claims that denial of a transfer "will be giving defendants permission to violate and disrespect the law." (Id.). As Magistrate Judge Holmes pointed out, however, Matthews is effectively seeking preliminary injunctive relief, which "is an extraordinary remedy that should be granted only if the

---

[1] In his Complaint, Matthews admits that he was "a victim of a viscious [sic] stabbing and assault by gang members" while at the facility and the alleged perpetrators are still housed there. (Doc. No.1, Complaint at 7).

1

movant carries his or her burden of proving that the circumstances clearly demand it." Overstreet v. Lexington Fayette Urban Cty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002). As she also pointed out, "[a]bsent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations of a correctional facility and the location of a prison inmate's housing," (Doc. No. 33 at 3), and no such compelling reasons have been shown here. Those observations aside, less than a month after filing his objections, Matthews notified the Court that his address changed and that he is now housed at the Hardeman County Correctional Facility (Doc. No. 38), rendering his request for transfer moot.

In the second R&R, Magistrate Judge Holmes recommends that Staggs, Riley and Lindamood be dismissed because Matthews' deprivation of property claims were dismissed upon this Court's initial review under 28 U.S.C. § 1915, and the Complaint is bereft of allegations that those Defendants violated Matthews' Eighth Amendment right to medical care. Having considered the matter *de novo* as required by Rule 72 of the Federal Rules of Civil Procedure, the Court agrees that Matthews has failed to state a viable claim against those three Defendants.

Accordingly, the Court rules as follows:

(1) The Reports and Recommendations (Doc. Nos. 33 & 39) are **ACCEPTED** and **APPROVED**;

(2) Matthews' Motions for Transfer (Doc. Nos. 26 & 27) are **DENIED**; and

(3) The Motion to Dismiss (Doc. No. 19) filed by Defendants Staggs, Riley and Lindamood is hereby **GRANTED** and the claims against those Defendants are **DISMISSED WITH PREJUDICE**.

This matter is returned to Magistrate Judge Holmes for further pretrial case management in

relation to Matthews' Eighth Amendment claims against Defendant CivicCore.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE